

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00188-CV

TERESA SHIPPY, APPELLANT

V.

TRAVIS BOYD, INDEPENDENT EXECUTOR OF THE ESTATE OF
DANIEL ALLEN BOYD, DECEASED, APPELLEE

On Appeal from the 84th District Court
Hansford County, Texas
Trial Court No. CV-05667, Honorable Curt Brancheau, Presiding

May 9, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Teresa Shippy appealed the trial court's final summary judgment favoring Travis Boyd, independent executor of the estate of Daniel Allen Boyd. Also encompassed within the appeal is the trial court's order granting Boyd sanctions against Shippy for discovery abuse. Seven issues pend for review. We affirm.

### Background

Shippy was married to the late Daniel Allen Boyd. They divorced in 2013. In dividing the marital estate, the trial court ordered a receiver to gather certain personalty and realty for purposes of sale; the property was itemized in Exhibit C to the judgment. Once the receiver sold the items and paid various expenses, he was to divide the remainder equally between Shippy and Boyd. Neither occurred since the receiver failed to take possession of the property.

Furthermore, not until the death of Boyd in 2021 did Shippy act to effectuate or enforce the divorce decree. She began by filing a notice of claim as part of the administration of Boyd's estate. Implicit from the notice was her belief that Boyd retained the Exhibit C property. So, per that belief, she first claimed "a joint, currently undivided interest" in the Exhibit C property and then averred that Boyd or his executor "may have converted" it. That led to her demand for an accounting. Shippy also sought to consolidate the estate proceeding with the divorce action finalized years earlier.

Travis Boyd, son of Boyd and Shippy and the executor of Boyd's estate, eventually moved for summary judgment on the claim. He contended, among other things, that "any action to enforce the 2013 Divorce Decree or for conversion against anyone [is] barred by limitations as a matter of law." The trial court ultimately granted the motion and signed a final summary judgment favoring Travis. Within the decree, it said: 1) "there [was] no issue of material fact that Claimant Shippy was aware of her potential claim for enforcement and subsequent conversion but waived any such claims until the filing of the present suit against the estate, as such the claim for conversion is barred by limitations"; 2) "Claimant Shippy's claim against the Estate of Daniel Allen Boyd, Deceased, is hereby

2

dismissed with prejudice"; and 3) "[t]his judgment finally disposes of all claims and all parties and is appealable."  Shippy appealed.

### Issue One:  Probate Judge's "Finding"

Shippy initially contends that the trial court erred in granting summary judgment because a "probate judge" found that she had an interest "in property of the Estate as claimed in her pleading supported by the attached District court decree."  How this negates the defense of limitations was a matter left unexplained.  *See Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 226 (Tex. 2022) (explaining an appellant must negate each ground upon which summary judgment was founded).  More importantly, the alleged finding of the probate judge was not urged below as a ground to thwart summary judgment.  This is of import because "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."  *Id.*; TEX. R. CIV. P. 166a(c).  Shippy having withheld the issue from consideration by the trial court, we cannot use it as reason to reverse the summary judgment and, therefore, overrule the issue.

### Issue Two:  Summary Judgment

Next, Shippy contends that Travis failed to carry his summary judgment burden. This is purportedly so for two reasons.  First, she supposedly had a joint undivided interest in the community property described within Exhibit C.  Since that property was never sold by the receiver, it remained undivided in her view.  According to Shippy, "[p]roperty rights don't dissolve or disappear by the passage of time."  "If it wasn't divided as that term is used in divorce proceedings[,] th[e]n she currently possesses the right to have a final ruling on the right to division by virtue of family code statute and until that time[,] she has

3

a cognizable interest in the estate property which the probate court must give effect to." Assuming that there is no temporal restriction on when divorced spouses can petition to divide undivided property, we still must reject Shippy's contention.

Our reason for doing so lies within the divorce decree. Through it, the court ordered the property to be sold and the net proceeds divided. That effectively divided the property in question. Neither spouse was awarded the property itself. Instead, each was to receive half of the net proceeds after sale. The trial court having so divided the Exhibit C property, the division cannot be changed. *See* TEX. FAM. CODE ANN. § 9.07(a) (stating that a "court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment").

Secondly, Shippy asserts that the trial court erred in granting final summary judgment because the motion encompassed less than all the claims. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (stating that "[g]ranting a summary judgment on a claim not addressed in the summary judgment motion therefore is, as a general rule, reversible error"). Allegedly, her notice of claim encompassed two potential causes of action, one establishing her joint ownership in property of the estate and the other for conversion. She believes that Travis pursued summary judgment only on the claim of conversion. We disagree.

Travis attacked her claim of joint ownership in estate property by contending that Shippy was only seeking to re-divide marital property. The effort contravened § 9.07 of the Family Code, according to him. *See* TEX. FAM. CODE. ANN. § 9.07(a) (stating that a court may not amend, modify, alter, or change the division of property made or approved

4

in the decree of divorce or annulment).  Moreover, Shippy did not attack on appeal that basis for summary judgment.

Shippy mentioned one further claim upon which Travis supposedly failed to seek summary judgment.  It consisted of her motion to consolidate the probate matter with the earlier divorce proceeding.  Yet, the rule about granting summary judgment on "claims" unaddressed in the motion speaks of "claims."  *G & H Towing Co.*, 347 S.W.3d at 297.  A motion to consolidate is a procedural request, not a claim or cause of action.  We also note that Shippy cited no authority suggesting that procedural motions are "claims" for purposes of summary judgment.  That is, she cited no authority suggesting a summary judgment movant must also prove he is entitled to summary judgment on pending procedural motions.  Nor do we know of such authority.  For that reason, we also reject this contention and overrule the issue.

### Issue Three:  Denial of Continuance for Discovery

Through her third issue, Shippy contends the trial court erred by refusing to allow her to obtain discovery sought under Texas Rule of Civil Procedure 166a(g).  Allegedly, the discovery was needed to determine 1) what happened to the property listed in Exhibit C, 2) whether Travis dealt with that property in a way warranting his removal as executor, and 3) whether Shippy had other causes of action available to her.  We overrule the issue.

For claimants who cannot present facts essential to justify opposition to an opponent's summary judgment motion, rule of civil procedure 166a(g) provides an avenue of relief.  According to the rule, "should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a

5

continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." TEX. R. CIV. P. 166a(g). Invoking that rule requires one to file either an affidavit explaining the need for further discovery or a verified motion for continuance. *See Tenneco Inc. v. Enter. Products Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *Anthony v. Bank of Am., N.A.*, No. 07-22-00140-CV, 2022 Tex. App. LEXIS 9553, at *2 (Tex. App.—Amarillo Dec. 29, 2022, no pet.) (mem. op.) The appellate record contains neither. So, her motion was deficient, and that requires us to overrule her complaint. *Anthony*, 2022 Tex. App. LEXIS 9553, at *2

### Issue Four: Denial of Consolidation

Shippy next contends that the trial court erred by refusing to consolidate the 2013 divorce and Boyd probate actions. That allegedly resulted in "potential manifest injustice." We overrule the issue.

Our disposition of the foregoing issues addressing the propriety of summary judgment renders consolidation moot. Simply put, Shippy has not shown that the trial court erred in granting summary judgment and dismissing her claims filed in the Boyd probate action. Until she does, there is nothing in the probate matter with which her allegations in the divorce proceeding can be consolidated. So, that means her effort at consolidation has become moot.

### Issue Five: Denial of Motion to Abate the Probate Proceeding

In her fifth issue, Shippy contends the trial court abused its discretion by refusing to abate the probate proceeding pending full litigation of the enforcement action in the divorce. She filed her motion requesting same more than a week after the trial court signed the final summary judgment. Whether it was actually brought to the trial court's

6

attention is unknown. What is known is that the record fails to reflect that the trial court ruled on or refused to rule on it. Thus, she failed to preserve her complaint for review, and we overrule it. *See Gutierrez v. Draheim*, No. 01-14-00267-CV, 2016 Tex. App. LEXIS 2508, at *13 (Tex. App.—Houston [1st Dist.] Mar. 10, 2016, no pet.) (mem. op.) (holding that the appellant failed to preserve her complaint about the court failing to grant the motion to abate because the record did not reflect that the trial court ruled on it or that appellant objected to the court's refusal to rule); *Grace Interest, LLC v. Wallis State Bank*, 431 S.W.3d 110, 122 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (same).

### Issue Six: Imposition of Sanctions

Shippy next argues that the trial court erred when it granted sanctions against her relating to her post-judgment discovery efforts. We overrule the issue.

A trial court may impose sanctions on any party that abuses the discovery process. *See* TEX. R. CIV. P. 215.3, 215.2; *Trahan v. Lone Star Title Co. of El Paso, Inc.*, 247 S.W.3d 269, 279 (Tex. App.—El Paso 2007, pet. denied). Additionally, courts possess inherent power to discipline an attorney's behavior. *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997) (orig. proceeding) (per curiam). And, we review a trial court's imposition of sanctions for an abuse of discretion. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). That obligates us to review the entire record, including the evidence, arguments of counsel, written discovery on file, and the circumstances surrounding the party's discovery abuse. *See Jurgens v. Martin*, 631 S.W.3d 385, 403 (Tex. App.—Eastland 2021, no pet.).

According to the record, Shippy served Travis with a notice for deposition after the trial court signed its summary judgment. In response, Travis moved to quash the notice

7

and for sanctions. The trial court granted both. The sanctions awarded, i.e., $1,500, reflected the attorney's fees incurred to thwart Shippy's post-judgment effort. Believing that to be error, Shippy first posits that she remained "an interested party" in the probate estate and was "fully entitled to proceed with discovery in advance of any outcome determinative presentation." The fatal defect in the argument, however, lies in the fact that an "outcome determinative presentation" had occurred. It consisted of the previously executed final summary judgment dismissing her claims.

Her second justification arises from her characterization of the discovery as "an effort at obtaining a further ruling on what [Shippy] considered denied discovery." We read this to mean that she sought post-judgment discovery because she believed the trial court erred in denying her leave to pursue pre-judgment discovery. Yet, as discussed earlier, she never perfected her claim for either a continuance or pre-judgment discovery in the first place. So, we are hard-pressed to say that a party may unilaterally subject her opponent to post-judgment discovery on the mistaken belief that she was improperly denied prejudgment discovery.

### Issue Seven: Evidence Supporting Amount of Attorney's Fees as Sanction

In her seventh issue, Shippy contends the trial court erred in awarding $1,500 in attorney's fees as a sanction without first allowing her to cross-examine opposing counsel. Such purportedly denied her due process. However, she neglected to assert the argument below. Having so failed, she waived it on appeal. *THF Hous. Mgmt. Corp. v. Gideon*, 617 S.W.3d 624, 632 (Tex. App.—Amarillo 2021, no pet.) (overruling appellant's complaint about Gideon's entitlement to attorney's fees because it was not first presented to the trial court); *accord Schmidt v. BPC Corp.*, No. 05-14-00653-CV,

8

2015 Tex. App. LEXIS 11203, at *9 (Tex. App.—Dallas Oct. 29, 2015, pet. denied) (mem. op.) (involving sanctions and rejecting the complaint about being denied due process since it was not first broached to the trial court).

Having overruled Shippy's issues on appeal, we affirm the trial court's summary judgment and order imposing sanctions against Shippy.


Brian Quinn
Chief Justice


.